UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **CARLENE COSTELLO,** | : | Case No. 1:22-cv-559 |
| | : | |
| Plaintiff, | : | JUDGE |
| | : | |
| v. | : | |
| | : | |
| **NOVOCURE, INC.,** | : | **PLAINTIFF'S COMPLAINT AND** |
| | : | **JURY DEMAND** |
| Defendant. | : | |
| | : | |

COMES NOW Plaintiff Carlene Costello, by and through her undersigned legal counsel, and for her Complaint against Defendant Novocure, Inc. alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff is a resident of Ohio and is a resident of this judicial district. She is a former employee of Novocure, Inc.

2. Defendant is a Delaware Corporation with its principal office located at 195 Commerce Way, Portsmouth, New Hampshire.

3. This Court has jurisdiction over Plaintiff's Complaint because her claims arise under Title VII of the Civil Rights Act of 1964.

4. The Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with her federal claims.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred herein, Defendant has

sufficient contacts within Ohio to be deemed to reside herein, and/or Defendant is otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff began her employment with Defendant in March 2015. Throughout her employment, she was a Senior Reimbursement Specialist.

7. Beginning in February 2016, Plaintiff was permitted to perform her job duties from her home.

8. Upon switching to working from home, Plaintiff was never required to physically report to an office.

9. Moreover, because her job duties were performed exclusively from her home, Plaintiff did not physically interact with coworkers, customers, or vendors of Defendant on a regular, intermittent, or occasional basis.

10. On August 22, 2021, Defendant announced that it would be requiring its employees to receive a Covid-19 vaccine as a term and condition of employment, effective October 1, 2021.

11. Defendant represented those employees with sincerely held religious beliefs that forbid the vaccines could apply for a religious exemption.

12. Plaintiff is, and always has been, a practicing Roman Catholic.

13. After consulting with her parish priest, Plaintiff obtained a letter form him attesting that her sincerely held religious beliefs prevented her from obtaining a Covid-19 vaccine.

14. Plaintiff provided this letter, and a personal addendum, to Defendant on August 27, 2021. Both documents explained her sincerely held religious objections to receiving a Covid-19 vaccine.

15. Both documents included direct citation to the Catechism of the Catholic Church, a valid and legitimate instrument for the teaching of the faith.

16. On September 10, 2021, Defendant denied Plaintiff's request, determining that her exemption request was based more on "concerns" about the vaccine and resistance to the mandate as opposed to an objection based on stated religious beliefs.

17. Upon information and belief, no employee who sought a religious exemption from the Company's vaccine requirement received one.

18. On September 30, 2021, Plaintiff was terminated from her employment.

19. At the time of her termination, Plaintiff had accrued company stock in Defendant, of which she was divested.

20. Plaintiff promptly dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Ohio Civil Rights Commission, and has received a Notice of Right to Sue letter.

## CAUSES OF ACTION

### Count I: Violation of Title VII of the Civil Rights Act of 1964

21. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

22. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") prohibits employers from discharging or otherwise discriminating against any individual with respect to their compensation, terms, conditions, or privileges of employment because of such individual's religion. 42 U.S.C. §2000e-2(a)(1).

23. Title VII likewise prohibits employers from limiting, segregating, or classifying employees in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise affect their status as an employee because of their religion. 42 U.S.C. §2000e-2(a)(2).

24. Plaintiff's sincerely held religious beliefs with regard to Covid-19 vaccine conflict with Defendant's vaccine requirement.

25. Plaintiff informed Defendant of her belief and conflict.

26. Plaintiff's failure to receive the Covid-19 vaccine, and thus her religious beliefs, was the reason for her termination.

27. Because Plaintiff worked from home and did not interact with any other employees of Defendant in a physical capacity, she was not a risk to the health and safety of the workforce.

28. As a result of Defendant's unlawful actions, Plaintiff has suffered harm in the form of lost wages, lost equity in Defendant, emotional distress, attorneys' fees and costs.

### Count II: Violation of Ohio Revised Code §4112.02

29. Plaintiff incorporates by reference the preceding paragraphs as if fully restated herein.

30. Ohio Revised Code § 4112.02(A) prohibits employers from discharging or otherwise discriminating against any individual with respect to their hire, tenure, terms, conditions, or privileges of employment because of such individual's religion.

31. Plaintiff's sincerely held religious beliefs with regard to the Covid-19 vaccine conflict with Defendant's vaccine requirement.

32. Plaintiff informed Defendant of her belief and conflict.

33. Plaintiff's failure to receive the Covid-19 vaccine, and thus her religious beliefs, was the reason for her termination.

34. Because Plaintiff worked from home and did not interact with any other employees of Defendant in a physical capacity, she was not a risk to the health and safety of the workforce.

35. As a result of Defendant's unlawful actions, Plaintiff has suffered harm in the form of lost wages, lost equity in Defendant, emotional distress, attorneys' fees and costs.

WHEREFORE, Plaintiff Carlene Costello hereby demands judgment against Defendant as follows:

1. For damages in an amount equal to her lost back pay and benefits, including those stocks she was divested of upon termination;

2. Reinstatement to her previous position;

3. If reinstatement is not feasible or appropriate, an award of front pay for a reasonable period from the date of the trial forward;

4. Compensatory and punitive damages in amounts to be determined at trial;

5. A permanent injunction prohibiting Defendant from engaging in further acts of religious discrimination against its employees;

6. Plaintiff's attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action;

7. All other and further relief to which Plaintiff may be entitled.

/s/ Matthew S. Okiishi

_____
Matthew S. Okiishi (0096706)
Stephen E. Imm (0040068)
Finney Law Firm, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669-fax

matt@finneylawfirm.com
stephen@finneylawfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

/s/ Matthew S. Okiishi
_____
Matthew S. Okiishi (0096706)